Baldomera REYES, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–996.

United States Court of Veterans Appeals.

Oct. 21, 1994.

Baldomera Reyes, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the pleadings for the Secretary.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

IVERS, Judge:

■ Baldomera vda de Reyes, the appellant, appeals a September 3, 1993, decision of the Board of Veterans' Appeals (BVA or Board) not to reopen a claim for revocation of the forfeiture of her rights to VA benefits (except insurance benefits) under the provisions of 38 U.S.C. § 6103(a). *Baldomera vda de Reyes in the Case of Filemon Reyes*, BVA 93–16391 (Sept. 3, 1993). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). The Secretary has filed a motion for summary affirmance. Because the case presents legal issues of first impression, single-judge summary disposition is not appropriate. *See Zevalkink v. Brown*, 6 Vet. App. 483, 486 (1994) (en banc); *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the Court affirms the September 1993 decision of the BVA.

## I. FACTUAL BACKGROUND

Filemon Reyes, the veteran, had active service in the Philippine Army from December 8, 1941, until his death as a prisoner-of-war at the O'Donnell Concentration Camp, Capas, Tarlac, Philippines, on July 30, 1942. Record (R.) at 13; *see* R. at 20. The veteran's widow, the appellant in the instant appeal, applied for and was awarded dependency and indemnity compensation (DIC). R. at 15–18; *see* R. at 23–25. In November 1962, however, VA informed the appellant that her DIC payments would be discontinued since she was living in a husband-wife relationship with Esteban Oblena and could therefore no longer be considered the unremarried widow of the deceased veteran. R. at 55; *see* R. at 52.

In September 1970, the appellant sought restoration of her DIC benefits. R. at 57. In connection with this claim, she stated that she was no longer living in a husband-wife relationship with Mr. Oblena. R. at 85–87. Field examiners found the appellant not to be truthful. R. at 89, 98. On July 10, 1973, a VA regional office (RO) recommended that the appellant's representations regarding her current marital status be deemed material and false. R. at 102. The RO also recommended further consideration of the matter for forfeiture of entitlement to VA benefits. *Ibid.* The recommendation in a May 15, 1974, VA memorandum, was that the appellant forfeit all rights to VA benefits under 38 U.S.C. § 3503(a) (now 38 U.S.C. § 6103(a)). R. at 104; *see also* R. at 106–07. On September 25, 1975, the Director of VA's Compensation and Pension Service sent notification to the appellant that she had forfeited all rights, claims, and benefits under laws administered by VA. R. at 134–35, 137–38. In that letter, the Director wrote:

[I]t is established beyond a reasonable doubt that you knowingly and intentionally presented or caused to be furnished to [VA], materially false and fraudulent statements and evidence in support of your claim for death benefits as [the] unremarried widow of the . . . veteran to which you have no legal entitlement, thus violating the provisions of the . . . forfeiture law.

R. at 134. On May 2, 1977, the Board issued a decision not to remove the forfeiture. R. at 173.

On May 26, 1991, the appellant sought to reopen the claim to remove the forfeiture of VA benefits. R. at 177. In connection with that claim, she submitted a death certificate for Esteban Oblena. R. at 175. On July 1, 1991, the RO informed the appellant that she could only reopen her claim by submitting new and material evidence "having direct bearing on the reason for the forfeiture." R. at 179. On September 18, 1991, the appellant testified at a personal hearing. R. at

187–88. At that hearing, she stated: "I was living with my cohabitant since 1973 at the time I was investigated up to the time of his death [May 25, 1990]." R. at 188. On December 4, 1991, the RO informed the appellant that she had not submitted new and material evidence to reopen her claim. R. at 190. On September 3, 1993, the Board issued a decision that the appellant's claim seeking revocation of the forfeiture of VA benefits (except for insurance benefits) was not well grounded. *Reyes*, BVA 93–16391, at 5.

## II. ANALYSIS

■ The appellant's claim was previously denied by a final BVA decision in May 1977. R. at 173. "Except as provided in [38 U.S.C. § 5108], when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." 38 U.S.C. § 7104(b). ' Pursuant to 38 U.S.C. § 5108, the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See Stanton v. Brown*, 5 Vet.App. 563, 566 (1993). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-part analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material." *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New evidence" is evidence that is not "merely cumulative" of other evidence on the record. *Ibid.* Evidence is "material" where it is "relevant to and probative of the issue at hand" and where it is of "sufficient weight or significance that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Sklar v. Brown*, 5 Vet.App. 140, 145 (1993); *Cox v. Brown*, 5 Vet.App. 95, 98 (1993); *Colvin*, 1 Vet.App. at 174. Second, if the BVA determines that the evidence is "new and material," it must reopen the claim and "evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old." *Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992).

Whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1). *See Masors*, 2 Vet.App. at 185. The Court reviews the evidence in light of the relevant authorizing statutes and regulations. *See Chavarria v. Brown*, 5 Vet.App. 468, 471 (1993) (Court examined evidence in light of statutes and regulations to determine whether appellant's new evidence was material).

■ In this case, in May 1977, the Board decided that the appellant had forfeited all rights, claims, and benefits under all laws administered by VA (except insurance benefits) pursuant to 38 U.S.C. § 6103(a). The statute provides as follows:

> Whoever knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, concerning any claim for benefits under any of the laws administered by the Secretary (except laws pertaining to insurance benefits) shall forfeit all rights, claims, and benefits under all laws administered by the Secretary (except laws pertaining to insurance benefits).

*Ibid.* Therefore, in seeking to reopen the Board's May 1977 decision, the appellant would have had to produce new and material evidence bearing directly on whether she had acted in a false or fraudulent manner in her efforts to restore her DIC benefits. *Cf. Lizaso v. Brown*, 5 Vet.App. 380, 385 (1993) (Court held that claimant's evidence in resubmitted claim to revoke forfeiture under 38 U.S.C. § 6104 was not new). Appellant's newly submitted evidence relates to the death of Mr. Oblena, her cohabitant, and not to the issue of fraud. Indeed, at the September 1991 personal hearing, the appellant testified that she was living with Mr. Oblena in 1973 at the time when VA was investigating whether to restore her benefits. R. at 188. This admission could not possibly change the outcome of the forfeiture because the statement actually supports a finding that she lied to VA in 1973. *But see Vecina v. Brown*, 6 Vet.App. 519, 522 (1994) (Court remanded

BVA decision not to reopen claim for restoration of DIC benefits where newly submitted group affidavit supported appellant's assertion that she had continuously cohabited with veteran prior to his death). Therefore, none of the appellant's evidence is material to the forfeiture.

 In its September 1993 decision, the Board analyzed the issue as whether the appellant had submitted a well-grounded claim rather than whether the appellant had submitted new and material evidence to reopen her claim. *Reyes,* BVA 93–16391, at 3–5. This analysis ignores the chronological obligations inherent in VA's adjudicative process, i.e., whether an individual is eligible as a claimant, whether a well-grounded claim has been submitted, and whether new and material evidence has been submitted since the last final denial of a claim on the merits. *See Sarmiento v. Brown,* 7 Vet.App. 80, 84 (1994). Nevertheless, the practical result of the Board's analysis did not produce any different consequences. In *Sarmiento,* the Court concluded that where the Board issues a decision on the merits where there was no well-grounded claim in the first instance or where there was no new and material evidence to reopen a previously and finally disallowed claim, "the BVA's decision must be vacated due to lack of jurisdiction because, in contemplation of law, 'there was no claim to adjudicate.'" *Ibid.* (quoting *McGinnis v. Brown,* 4 Vet.App. 239, 244 (1993)). In *Glynn v. Brown,* 6 Vet.App. 523, 528 (1994), the Court similarly stated: "[A] decision that a claim was not well grounded or that new and material evidence was not submitted is a denial that there *is* a claim; it is not a final denial or disallowance *of* a claim." In this case, the appellant did not submit new and material evidence to reopen her previously and finally disallowed claim. The Board's decision on the ground that the appellant did not submit a well-grounded claim places the appellant in the same position: the decision is "a denial that there *is* a claim." *Ibid.* Therefore, the Board's analysis was not prejudicial to the appellant. *See* 38 U.S.C. § 7261(b) ("Court shall take due account of the rule of prejudicial error"). A remand for the Board to analyze the issue in terms of new and material evidence would produce no benefit to the appellant while "unnecessarily imposing additional burdens" on VA and the Board. *Soyini v. Derwinski,* 1 Vet.App. 540, 546 (1991).

## III. CONCLUSION

Accordingly, upon consideration of the record, appellant's brief, and the Secretary's motion for summary affirmance, the Court denies the Secretary's motion for summary affirmance, and AFFIRMS the September 1993 decision of the BVA.

KRAMER, Judge, concurring:

I concur in the result and concur in the conclusion of law that there was no new and material evidence. However, for the reasons stated in my concurring opinion in *Sarmiento v. Brown,* 7 Vet.App. 80, 86–89, (1994) (Kramer, J., concurring), I disagree with the majority opinion insofar as it supports the myth of non-claim claims.