Citation Nr: 1434268 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 06-27 738 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to an effective date earlier than September 2, 2005, for the grant of service connection for prostate cancer. 


ATTORNEY FOR THE BOARD

J. Connolly, Counsel

INTRODUCTION

The veteran had active service from July 1968 to March 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a regional office (RO) rating decision of January 2006, which granted service connection for prostate cancer, effective September 2, 2005; the Veteran disagreed with the effective date of the grant of service connection. 

As addressed in detail in the Board's prior September 2009 decision, an earlier August 2003 rating decision denied service connection for a low back disorder, herpes, and COPD. In September 2003, a notice of disagreement (NOD) was received, so the Board instructed the RO to issue the Veteran a statement of the case (SOC) on those issues. The SOC was sent to the Veteran in March 2013, but a substantive appeal was not received. The Veteran did not complete the steps necessary to perfect his appeal of these other claims to the Board. 38 C.F.R. § 20.200 . Therefore, only the claim concerning an earlier effective date remains at issue.

Although the Veteran was formerly represented by the Disabled American Veterans, that service organization revoked representation in November 2010. A Power of Attorney (POA) was then received in favor of a private representative, but the representative indicated that he was the attorney of record for another VA matter. A VA Form 21-22a has not been received with regard to other representative regarding the matters listed on the front page of this decision.


FINDING OF FACT

The Veteran's claim of service connection for prostate cancer was originally received January 25, 2002; probative evidence establishes that prostate cancer was present on June 8, 2005; the date of entitlement for prostate cancer is later than the date of claim.

CONCLUSION OF LAW

The legal criteria for an effective date of June 8, 2005 for the award of service connection for prostate cancer have been met. 38 U.S.C.A. § 5110 (West 2002 & Supp. 2012); 38 C.F.R. § 3.400 (2013).




REASONS AND BASES FOR FINDING AND CONCLUSION

Earlier Effective Date Issue

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 C.F.R. § 3.159 (2013). If, for whatever reason, the notice is sent after the initial adjudication of the claim, this timing error can be effectively "cured" by providing any necessary notice and then readjudicating the claim - including in a SOC or supplemental SOC (SSOC), such that the intended purpose of the notice is not frustrated and the Veteran is given an opportunity to participate effectively in the adjudication of the claim. See Mayfield v. Nicholson, 499 F.3d 1317, 1323 (Fed. Cir. 2007) (Mayfield IV); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006). VCAA letters were sent to the Veteran in December 2003, July 2005, and January 2006.

In this case, the claim for an earlier effective date is a "downstream" issue in that it arose from the initial grant of service connection. Where service connection has been granted and the initial rating and effective date have been assigned, the claim of service connection has been more than substantiated, it has been proven, thereby rendering 38 U.S.C.A. § 5103(a) notice no longer required because the purpose that the notice was intended to serve has been fulfilled. Once the Veteran disagrees with an initial determination, other provisions apply to the remainder of the adjudicative process, particularly those pertaining to the duty to assist and issuances of rating decisions and statements of the case. See 38 U.S.C.A. §§ 5103A, 7105(d); 38 C.F.R. §§ 3.159(c), 19.29; Dunlap v. Nicholson, 21 Vet. App. 112 (2007). VA also has a duty to assist the Veteran in obtaining potentially relevant records, and providing an examination or medical opinion when necessary to make a decision on the claim. Here, the Veteran's pertinent records have been obtained and associated with the record. 

In summary, the Board finds that it is difficult to discern what additional guidance VA could have provided to the Veteran regarding what further evidence should be submitted to substantiate the claim. Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004); see also Livesay v. Principi, 15 Vet. App. 165, 178 (2001) (en banc) (observing that "the VCAA is a reason to remand many, many claims, but it is not an excuse to remand all claims."); Reyes v. Brown, 7 Vet. App. 113, 116 (1994); Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (both observing circumstances as to when a remand would not result in any significant benefit to the Veteran).

The assignment of effective dates of awards is generally governed by 38 U.S.C.A. § 5110 and 38 C.F.R. § 3.400. Unless specifically provided otherwise, the effective date of an award based on an original claim for service connection "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C.A. § 5110(a). The implementing regulation clarifies this to mean that the effective date of an evaluation and an award of compensation based on an original claim "will be the date of receipt of the claim or the date entitlement arose, whichever is the later." 38 C.F.R. § 3.400. With a claim for service connection, the effective date of an award will be (1) the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service or (2) the date of receipt of claim or date entitlement arose, whichever is later. 38 C.F.R. § 3.400(b)(2)(i).

A specific claim in the form prescribed by the Secretary of VA must be filed in order for benefits to be paid to any individual under the laws administered by the VA. 38 U.S.C.A. § 5101(a). A "claim" is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); Brannon v. West, 12 Vet. App. 32, 34-5 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Any communication indicating an intent to apply for a benefit under the laws administered by the VA may be considered an informal claim provided it identifies, but not necessarily with specificity, the benefit sought. See 38 C.F.R. § 3.155(a); Servello, 3 Vet. App. at 199 (holding that 38 C.F.R. § 3.155(a) does not contain the word "specifically," and that making such precision a prerequisite to acceptance of a communication as an informal claim would contravene the Court's precedents and public policies underlying the statutory scheme). To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992). Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. An application is defined as a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); see also Rodriguez v. West, 189 F.3d. 1351 (Fed. Cir. 1999), (an expressed intent to claim benefits must be in writing in order to constitute an informal claim; an oral inquiry does not suffice).

The Veteran's claim for service connection for prostate cancer was received September 2, 2005. Subsequently, the RO granted service connection for prostate cancer, on the basis of a presumed association with Agent Orange exposure in Vietnam. See 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307, 3.309. An effective date of September 2, 2005, the date the claim was received, was assigned. 

However, as noted in the Board's prior remand decision, in the Veteran's original compensation claim, received in January 2002, he claimed service connection for conditions including "prostate problems" which the Board accepted in the prior remand decision as contemplating prostate cancer. However, prostate cancer had not been diagnosed at that time, but was rather diagnosed in 2005.

A VA treatment record dated on June 8, 2005, reflects that the Veteran was treated for urological complaints to include a weak urinary stream, among other things. A June 10, 2005 VA treatment record reveals a PSA score of 3.4.

The Veteran's private physician, P.T, M.D., wrote, in September 2005, that in view of the Veteran's Agent Orange exposure and his diagnosis of cancer and symptoms of benign prostatic hypertrophy (BPH) dating back to 2000, it was reasonable to assume that the Veteran's "problems" began in 2000. However, Dr. T. was not specific with regard to whether prostate cancer actually existed at that time. It appears that he referred to the BPH diagnosis which is consistent with the documentary record. Thus, the Board remanded this claim for a VA opinion since this opinion was unclear with regard to whether the Veteran had prostate cancer before September 2005 and clarification was needed.

In February 2006, the RO received a letter from an oncology nurse, M.C., RN, BSN, who indicated that when the Veteran was examined by VA on June 8, 2005, the prostate was enlarged and painful on palpation, but was determined to be normal and exploratory surgery was discussed (a TURP procedure). However, the Veteran sought a second opinion in August 2005 and was diagnosed with prostate cancer. This nurse essentially opined that the Veteran had prostate cancer at the time of the earlier June 2005 examination. She emphasized that she had been in the field of oncology for eight years.

In December 2009, a VA physician reviewed the record and indicated that that the Veteran had a diagnosis of prostatitis in 2000 with an elevated PSA of 11 at that time, which then returned to normal. Between 2002 and 2005, the Veteran was evaluated in VA's urology department for genitourinary symptoms. At that time, his PSA was tested several times. His prostate was deemed normal on examination. Due to various urinary symptoms, the Veteran was recommended for a transurethral resection of his prostate (TURP) for evaluation of obstructive symptoms, but the Veteran declined. On August 26, 2005, the Veteran underwent a biopsy which revealed prostate cancer. The examiner stated that it was impossible to determine the exact point of time when the prostate cancer occurred without resorting to complete speculation. The examiner discussed the Veteran's symptoms with regard to the possible diagnoses and indicated that common symptoms exist among the Veteran's various prostate/urinary problems. The examiner indicated that it was the principle of cancer that a tissue diagnosis was required for a definitive diagnosis and that it was impossible to determine at which date prostate cancer began other than the date of the tissue diagnosis via needle biopsy. 

The United States Court of Appeals for Veterans Claims ("the Court") recently held that, in general, it must be clear on the record that the inability to opine on questions of diagnosis and etiology is not the first impression of an uninformed examiner, but rather an assessment arrived at after all due diligence in seeking relevant medical information that may have bearing on the requested opinion. Jones v. Shinseki, 23 Vet. App. 382, 389 (2010). Before the Board can rely on an examiner's conclusion that an etiology opinion would be speculative, the examiner must explain the basis for such an opinion or the basis must otherwise be apparent in the Board's review of the evidence. Id at 390. In this case, the VA examiner provided such a basis. As such, this examiner's opinion is probative.

However, the opinion of the private oncology nurse is also probative. It is clear that while the diagnosis of prostate cancer was not definitively made by biopsy until August 26, 2005, it is reasonable to find that the inception of the disease occurred earlier. Thus, the opinion of the oncology nurse that the Veteran had prostate cancer as of June 6, 2005, as manifest by symptoms which she cited, is probative on that point. She is competent to state that the Veteran had symptoms of the prostate cancer prior to the actual biopsy date.

The Board may not base a decision on its own unsubstantiated medical conclusions but, rather, may reach a medical conclusion only on the basis of independent medical evidence in the record. Hensley v. Brown, 5 Vet. App. 155 (1993). Health professionals are experts and are presumed to know the requirements applicable to their practice and to have taken them into account in providing a diagnosis. See Cohen v. Brown, 10 Vet. App. 128, 137 (1997). Since both opinions of the healthcare professionals are probative, the earlier date of diagnosis will be used as it is more beneficial to the Veteran.

Thus, the record shows that the Veteran had prostate cancer as of June 8, 2005. However, a medical professional is unable to establish that prostate cancer was present, as a clinically identifiable entity, at some point prior to that date. As the assigned effective date is September 2, 2005, the earlier effective date of June 8, 2005 is warranted as the later date of date of claim (January 25, 2002) and the date entitlement arose. 38 C.F.R. § 3.400 and 3.400(b)(2)(ii). The date of claim precedes the date of the entitlement here. Thus, the date of entitlement as the later date is the controlling date for the effective date assigned under the factual circumstances of this case. See 38 U.S.C.A. § 5110(a). Accordingly, the proper effective date is June 8, 2005.


ORDER

Entitlement to an effective date of June 8, 2005, for the grant of service connection for prostate cancer is granted.


____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs