Citation Nr: 1504689 
Decision Date: 01/09/15 Archive Date: 02/09/15

DOCKET NO. 12-32 823 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Pension Management Center 
at the Regional Office (RO) in St. Paul, Minnesota


THE ISSUES

1. Whether the appellant is entitled to recognition as the Veteran's surviving spouse for purposes of receiving VA death benefits.

2. Entitlement to accrued benefits.


REPRESENTATION

Appellant represented by: Texas Veterans Commission

ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel

INTRODUCTION

The Veteran served on active duty from September 1969 to November 1970. He had no foreign service. He died in August 2011. The appellant is claiming entitlement to VA death benefits and accrued benefits on the premise that she should be recognized as his lawful surviving spouse. She appealed to the Board of Veterans' Appeals (Board) from an April 2012 decision of the Agency of Original Jurisdiction (AOJ). The claims are currently being handled by the St. Paul, Minnesota RO and Pension Management Center. 

The Board notes that the appellant has contended that there was clear and unmistakable error in the April 2012 decision on appeal. There can be no valid claim of CUE in that decision, as that decision is currently on appeal and, thus, demonstrably not yet final and binding. See 38 C.F.R. § 3.105(a). Any such assertion of CUE in the April 2012 AOJ decision is premature at this point in time.


FINDINGS OF FACT

1. During his lifetime, in July 2011, the Veteran submitted a VA Form 21-527 (Income-Net Worth and Employment Statement), in which he listed the appellant as his spouse. The part of this form relating to the appellant's prior marriages is incomplete.

2. The Veteran died in August 2011.

3. In September 2011, a VA Form 21-534 (Application for Dependency and Indemnity Compensation, Death Pension and Accrued Benefits by a Surviving Spouse or Child) was received from the appellant.

4. In March 2012, two VA Forms 21-686c were received from the appellant. These forms were incomplete with regard to her prior marriages. A subsequent VA Form 21-686c was also incomplete.

5. Despite repeated requests from the AOJ for evidence and documentation necessary to establish that she was the surviving spouse of the Veteran when he died, the appellant has not submitted the necessary information.

6. The appellant has not established that she bore the expense of last sickness and burial of the Veteran.


CONCLUSIONS OF LAW

1. The appellant is not entitled to recognition as the Veteran's surviving spouse for purposes of entitlement to VA death benefits. 38 U.S.C.A. §§ 101, 1304, 1310, 1311, 1318, 1541 (West 2014); 38 C.F.R. §§ 3.1, 3.50, 3.52, 3.53, 3.54, 3.204, 3.205, 3.206 (2014).

2. Entitlement to accrued benefits is not warranted. 38 U.S.C.A. §§ 101, 5121 (West 2014); 38 C.F.R. §§ 3.50, 3.1000(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

As provided by the Veterans Claims Assistance Act (VCAA), VA has duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will obtain and assist the claimant in obtaining; and (3) that the claimant is expected to provide. See 38 C.F.R. § 3.159(b)(1); see also Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); Charles v. Principi, 16 Vet. App. 370, 373-74 (2002).

Pre-adjudication notice was provided to the appellant in November 2011 and February 2012. The letters advised her that she must first establish her eligibility as a proper claimant for VA death benefits and accrued benefits. The February 2012 letter asked her to complete the enclosed VA Form 21-686c (Declaration of Status of Dependents). 

In the April 2012 denial letter, the appellant was advised that she was not considered a surviving spouse for VA death benefits and accrued benefits purposes, because she had not provided all of the requested evidence. Additional notice was provided to the appellant in a July 2012 letter, and the claims were most recently readjudicated in a December 2012 supplemental statement of the case.

The appellant has received all essential notice, has had a meaningful opportunity to participate in the development of the claims, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004). The letters, especially in combination, indicated the type of evidence and information needed to substantiate the claims and apprised the appellant of the appellant's and VA's respective responsibilities in obtaining this supporting evidence. As the pleading party attacking the agency's decision, the appellant, not VA, has the evidentiary burden of proof of showing there is a notice error in timing or content and that the error is unduly prejudicial, meaning outcome determinative of her claims. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). There is no such pleading or allegation in this instance.

Regarding the duty to assist, VA also satisfied this obligation in terms of obtaining all potentially relevant evidence concerning the claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In the statement of the case and supplemental statement of the case, the AOJ again advised the appellant that her status as the "surviving spouse" had not been established because of missing documentation regarding the termination of her prior marriages, and the appellant has repeatedly declined to submit the necessary information or records. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) (holding that the duty to assist is not always a one-way street and if a Veteran desires help with his claim he must cooperate with VA's efforts to assist him).

In summary, the Board finds that it is difficult to discern what additional guidance VA could have provided to the appellant regarding what further evidence she should submit to substantiate her claims. See Livesay v. Principi, 15 Vet. App. 165, 178 (2001) (en banc) (observing that "the VCAA is a reason to remand many, many claims, but it is not an excuse to remand all claims."); Reyes v. Brown, 7 Vet. App. 113, 116 (1994); Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (both observing circumstances as to when a remand would not result in any significant benefit to the appellant).

Analysis

Governing law provides that VA death benefits, including Dependency and Indemnity Compensation (DIC) and death pension, may be paid to the surviving spouse of a veteran if certain requirements are met. 38 U.S.C.A. §§ 1304, 1310, 1311, 1318, 1541 (West 2014). 

A claim for death pension, compensation or DIC, by a surviving spouse, child, parent, or apportionee, is deemed to include a claim for any accrued benefits. 38 C.F.R. §§ 3.152(b), 3.1000(c). An application for accrued benefits must be filed within one year after the date of the payee's death. 38 C.F.R. § 3.1000(c). 

Accrued benefits are defined as periodic monetary benefits authorized under law administered by VA, to which a payee was entitled at his death under existing ratings or decisions or those based on evidence in the file at the date of death, and due and unpaid. 38 U.S.C.A. § 5121(a) (West 2014); 38 C.F.R. § 3.1000(a) (2014); Ralston v. West, 13 Vet. App. 108, 113 (1999). These benefits shall, upon the death, be paid to the living person first listed below: (A) the spouse; (B) the children (in equal shares); (C) the dependent parents (in equal shares). 38 U.S.C.A. § 5121(a), 5121(a)(2); 38 C.F.R. § 3.1000(a). In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial. Id. 

A "surviving spouse" is defined as a person who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse) and who has not remarried or (in cases not involving remarriage) has not since the death of the veteran lived with another person and held himself or herself out openly to the public to be the spouse of such other person. 38 U.S.C.A. § 101(3) (West 2014); 38 C.F.R. § 3.50 (2014).

As relevant here, the surviving spouse of a qualified veteran is eligible to receive death benefits (i.e., DIC, compensation or accrued benefits, or pension) if the surviving spouse was married to the Veteran for one year or more. 38 C.F.R. 
§ 3.54(a) (2014). To qualify as a surviving spouse, the person's marriage to the Veteran must meet the requirements of either 38 C.F.R. § 3.1(j) or 38 C.F.R. § 3.52. 38 C.F.R. § 3.50(b). Section 3.1(j) provides that a "marriage" is "a marriage valid under the law of the place where the parties resided at the time of marriage, or the law of the place where the parties resided when the right to benefits accrued." 38 C.F.R. § 3.1(j); see 38 U.S.C. § 103(c).

The claimant has the burden to establish her status as claimant. Sandoval v. Brown, 7 Vet. App. 7, 9 (1994); citing Aguilar v. Derwinski, 2 Vet. App. 21, 23 (1991). 

In July 2011, during his lifetime, the Veteran submitted claims for an increased rating for service-connected schizophrenia, and for non-service-connected disability pension and special monthly pension. The Veteran died in August 2011, while these claims were pending.

With his July 2011 claim, the Veteran submitted a VA Form 21-527 (Income-Net Worth and Employment Statement), in which he said he was married in May 1988 and listed the appellant as his spouse. He listed three prior marriages for himself, with the most recent divorce in 1987. He listed five prior marriages for the appellant. The form listed the names of the appellant's prior husbands, and indicated that she was divorced from each of them, but did not provide the dates of the divorces. 

The claims file does not contain a copy of a divorce decree for any of the appellant's five prior marriages, and does not contain a divorce decree from the Veteran's 1987 divorce. See 38 C.F.R. §§ 3.205, 3.206.

In September 2011, a VA Form 21-534 (Application for Dependency and Indemnity Compensation, Death Pension and Accrued Benefits by a Surviving Spouse or Child) was received from the appellant. She enclosed a copy of her marriage certificate which showed that she and the Veteran were married in May 1988. She said she had not remarried since the Veteran's death.

Thus, in September 2011, a claim for VA death benefits and accrued benefits was received from the appellant, who indicated that she was the Veteran's widow.

However, prior to reaching the merits of the claims for VA death benefits and accrued benefits, it must be determined if the appellant had standing as a proper party to claim these benefits as the "surviving spouse" of the Veteran. 

In a February 2012 letter to the appellant, she was asked to complete a VA Form 21-686c, and to provide a complete marital history for herself and the Veteran. She was advised that "Failure to provide this information may result in a denial of benefits."

In March 2012, the appellant submitted two VA Forms 21-686c, Declaration as to Marital Status, in which she reported that she was married to the Veteran from May 1988 until his death in August 2011. She stated that before she married the Veteran, she had five prior marriages, each ending in divorce. She included her former husbands' names, and some marriage dates, but did not provide the dates of the divorces. She wrote "Don't Know" in the relevant portions of the forms. 

In the absence of conflicting information, proof of marriage which meets the requirements of 38 C.F.R. § 3.205(a) together with the claimant's certified statement concerning the date, place and circumstances of dissolution of any prior marriage may be accepted as establishing a valid marriage, provided that such facts, if they were to be corroborated by record evidence, would warrant acceptance of the marriage as valid. 38 C.F.R. § 3.205(b).

To date, the appellant has not submitted a fully completed version of VA Form 21-686c, or complete information regarding the dissolution of her prior marriages, and has never submitted documentary evidence showing that her prior marriages were terminated prior to her marriage to the Veteran. 

During the course of this appeal, the AOJ repeatedly asked the appellant to submit information pertaining to the termination of her several prior marriages. See VA letters dated in November 2011, March 2012, and July 2012. In the April 2012 denial and September 2012 statement of the case, she was advised that her claim was denied as she had not established her standing to bring a claim for VA death benefits as the "surviving spouse" of the Veteran. 

In a July 2012 letter to the appellant, she was asked for complete information regarding the Veteran's last medical expenses. In response, she provided information regarding medical expenses he incurred in April 2011, several months prior to his death. She denied paying these expenses.

In her substantive appeal, the appellant asserted that her marital history and previous marriages were "statutorily insignificant." 

In a statement received in October 2012, the appellant said she could not recall details regarding her marital history, and that her marital history would have no significant impact on her claim. 

As noted above, in the absence of a surviving spouse, only so much of any accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial accrued benefits. 38 U.S.C.A. § 5121(a), 5121(a)(2); 38 C.F.R. § 3.1000(a). In this case, there is no evidence of record showing that the appellant paid any of the Veteran's last expenses.

Thus, the claimant's standing as the "surviving spouse" of the Veteran cannot be established. Moreover, the appellant was also notified that she had not submitted evidence that she bore the expense of last sickness and burial; thus her standing as a proper party also is not established on that basis. If the appellant wishes help, she cannot passively wait for it in those circumstances where her own actions are essential in obtaining the putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

In cases such as this, where the law is dispositive, the claim must be denied because of the absence of legal merit. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). The Board sympathizes with the appellant, but under the applicable law and regulations, the facts argued in this matter are not relevant. Since the preponderance of the evidence is against the claim, the provisions of 38 U.S.C.A. § 5107(b) regarding reasonable doubt are not applicable. The claim must be denied.

Based on the foregoing, the Board must conclude that the appellant may not be recognized as the Veteran's surviving spouse for purposes of entitlement to VA death benefits, and is not entitled to accrued benefits.

ORDER

Entitlement to recognition as the surviving spouse of the Veteran for the purpose of VA death benefits is denied.

Entitlement to accrued benefits is denied. 



______________________________________________
K. PARAKKAL 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs